1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JACOB O. BETANCOURT,                          Case No.  2:24-cv-2291-JDP (SS)

12                Plaintiff,

13          v.                                      ORDER

14   FRANK BISIGNANO, Acting
     Commissioner of Social Security,
15
                     Defendant.
16

17          Plaintiff challenges the final decision of the Commissioner of Social Security

18   ("Commissioner") denying his application for a period of disability and disability insurance

19   benefits ("DIB") under Title II of the Social Security Act.  Both parties have moved for summary

20   judgment.  ECF Nos. 13 & 15.  For the reasons discussed below, the court grants plaintiff's

21   motion, denies the Commissioner's, and remands for further proceedings.

22                                    **Standard of Review**

23          An Administrative Law Judge's ("ALJ") decision denying an application for disability

24   benefits will be upheld if it is supported by substantial evidence in the record and if the correct

25   legal standards have been applied.  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th

26   Cir. 2006).  "'Substantial evidence' means more than a mere scintilla, but less than a

27   preponderance; it is such relevant evidence as a reasonable person might accept as adequate to

28   support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

                                               1

1

2          "The ALJ is responsible for determining credibility, resolving conflicts in medical

3   testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001)

4   (citations omitted).  "Where the evidence is susceptible to more than one rational interpretation,

5   one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v.*

6   *Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  However, the court will not affirm on grounds upon

7   which the ALJ did not rely.  *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are

8   constrained to review the reasons the ALJ asserts.").

9          A five-step sequential evaluation process is used in assessing eligibility for Social Security

10   disability benefits.  Under this process the ALJ is required to determine: (1) whether the claimant

11   is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or

12   combination of impairments) that qualifies as severe; (3) whether any of the claimant's

13   impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404,

14   Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the

15   claimant can perform other specified types of work.  *See Barnes v. Berryhill*, 895 F.3d 702, 704

16   n.3 (9th Cir. 2018).  The claimant bears the burden of proof for the first four steps of the inquiry,

17   while the Commissioner bears the burden at the final step.  *Bustamante v. Massanari*, 262 F.3d

18   949, 953-54 (9th Cir. 2001).

19                                          **Background**

20          On June 30, 2021, plaintiff filed an application for a period of disability and DIB, alleging

21   disability beginning June 29, 2020.  Administrative Record ("AR") 187-95.  After his application

22   was denied both initially and upon reconsideration, plaintiff testified at a hearing before an

23   Administrative Law Judge ("ALJ").  AR 42-62, 102-06, 108-112.  On November 20, 2023, the

24   ALJ issued a decision finding that plaintiff was not disabled.  AR 24-36.  Specifically, the ALJ

25   found:

26

27              1.   The claimant meets the insured status requirements of the Social
                    Security Act through December 31, 2025.

28

2.  The claimant has not engaged in substantial gainful activity since June 29, 2020, the alleged onset date.

3.  The claimant has the following severe impairments: morbid obesity and lumbar spine degenerative disc disease.

    * * *

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

    * * *

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except a cane is necessary for long distance ambulation and uneven terrain. He can push and/or pull occasionally with the left hand.  The claimant is right hand dominant.  The claimant can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. He can never climb ladders or ropes.  The claimant can never work at unprotected heights.  He should avoid concentrated exposure to moving mechanical parts.

    * * *

6.  The claimant is unable to perform any past relevant work.

    * * *

7.  The claimant was born [in] 1973, and was 47 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.  The claimant subsequently changed age category to closely approaching advanced age.

8.  The claimant has at least a high school education.

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

    * * *

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 29, 2020, through the date of this decision.

AR 26-35 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request.  AR 6-12. She now seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**Analysis**

Plaintiff raises five arguments: (1) the ALJ's findings did not reflect plaintiff's need for an assistive device to walk, (2) the ALJ failed to address his combination of impairments, (3) the ALJ's RFC did not contemplate his combination of impairments, (3) the ALJ did not address the medical vocational profiles, (4) the ALJ did not meet his burden of proof at the fifth step, and (5) the ALJ failed to provide clear and convincing reasons for disregarding plaintiff's subjective testimony.  ECF No. 13 at 2.  The last of these arguments—that the ALJ did not provide sufficient reasons for rejecting plaintiff's testimony—is persuasive, and I will remand for additional administrative proceedings.

In the Ninth Circuit, courts follow a "two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  "'First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)).  If the claimant meets this requirement, the ALJ can reject his symptom testimony only by offering specific, clear, and convincing reasons for doing so. *Id.*  "This is not an easy requirement to meet: the clear and convincing standard is the most demanding required in Social Security cases." *Id.*  The ALJ's reasons must also be supported by substantial evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Plaintiff testified that he underwent back surgery in November 2021, and that, since the surgery, he has continued to suffer from pain, difficulty sleeping, and an inability to sit for lengthy periods.  AR at 47.  He claimed that the pain has required him to use ice, to change positions

4

1    frequently, and to use a cane to walk eighty percent of the time.  *Id.* at 48-51.  He testified that he

2    could walk approximately twenty feet before needing to rest, could lift only about five pounds,

3    required assistance dressing, and was physically unable to do chores.  *Id.* at 52-53.

4        After summarizing plaintiff's testimony, the ALJ found that plaintiff's allegations were not

5    fully credible because they were "not consistent and do not support the existence of limitations

6    greater than those set forth in the residual functional capacity above because the claimant's

7    medical evidence of record indicate rather mild physical symptoms, which were managed with

8    medical treatment."  *Id.* at 29.  The ALJ then went on to summarize medical reports without

9    discussing how that information supported his credibility determination.  *Id.* at 30-31.

10       This was insufficient.  Critically, the ALJ failed to tie any of the summarized medical

11   evidence into the analysis and to explain how it undercut plaintiff's subjective testimony.  *See*

12   *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) ( "We cannot review whether the ALJ

13   provided specific, clear, and convincing reasons for rejecting [Lambert's] pain testimony where, as

14   here, the ALJ never identified which testimony she found not credible, and never explained which

15   evidence contradicted that testimony."); *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090,

16   1102-03 (9th Cir. 2014) ("The ALJ must identify the testimony that was not credible, and specify

17   'what evidence undermines the claimant's complaints.'") (quoting *Reddick v. Chater*, 157 F.3d

18   715, 722 (9th Cir. 1998)); *Wade v. Saul*, 850 F. App'x 568, 569 (9th Cir. 2021) ("Summarizing

19   Wade's testimony about her limitations from her mental impairments, and later mentioning that

20   her symptoms improved with medication and treatment, does not provide clear and convincing

21   reasons to discredit that testimony.").  The ALJ's determination that plaintiff's testimony was not

22   credible because his symptoms were "mild" and "managed with medical treatment" is an

23   unsubstantiated conclusion.

24       In an effort to address the shortcomings in the ALJ's decision, the Commissioner argues

25   that plaintiff's testimony is inconsistent with his medical records, which show "largely normal

26   functioning" and improvement in back pain with epidural steroid injections, medical branch

27   blocks, radio frequency ablations, and opioid medication.  ECF No. 15 at 14.  The ALJ, however,

28   did not rely on the records cited by the Commissioner in making his adverse credibility

determination.  Because this court's review is limited to the rationale provided by the ALJ, the Commissioner's post-hoc rationalizations cannot salvage the ALJ's failure to provide clear and specific reasons for rejecting plaintiff's subjective complaints.  *See Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."); *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) ("Although the inconsistencies identified by the district court could be reasonable inferences drawn from the ALJ's summary of the evidence, the credibility determination is exclusively the ALJ's to make, and we are constrained to review the reasons the ALJ asserts.") (citations and modifications omitted).

Based on the foregoing, the court finds that the ALJ erred by rejecting plaintiff's testimony absent clear and convincing reasons.  Accordingly, the matter must be remanded for further proceedings.  *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted); *Treichler*, 775 F.3d at 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 13, is GRANTED.

2. The Commissioner's cross-motion for summary judgment, ECF No. 15, is DENIED.

3. The matter is remanded for further proceedings consistent with this order.

4. The Clerk of Court is directed to enter judgment in plaintiff's favor and close this case.

IT IS SO ORDERED.

Dated:    September 10, 2025    _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

6